FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br><br>and<br><br>BRENDA SANCHEZ COSSIO,<br><br>           Plaintiff-Intervenor,<br><br>vs.<br><br>MONSON FRUIT CO. LLC, f/k/a MONSON FRUIT CO. INC., d/b/a MONSON FRUIT CO.,<br><br>           Defendant. | No. 1:22-cv-03133-MKD<br><br>ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE<br><br>**ECF Nos. 51, 52** |

Before the Court is a Proposed Consent Decree, ECF Nos. 51, 52, filed by Plaintiff Equal Employment Opportunity Commission (EEOC) and Defendant Monson Fruit Co., LLC, which the Court construes as a stipulated motion for entry of the proposed consent decree. The Court has reviewed the stipulated motion and the record and is fully informed. For the reasons explained below, the Court grants the motion and enters the proposed consent decree.

ORDER - 1

# BACKGROUND

Plaintiff EEOC filed this action, alleging Defendant engaged in unlawful employment practices in 2019 at its facilities in Selah, Washington, in violation of 42 U.S.C. §§ 2000e-2(a), 2000e-3 (Section 703(a), Title VII of the Civil Rights Act of 1964), as amended by 42 U.S.C. § 1981a (Section 102 of the Civil Rights Act of 1991) ("Title VII").  ECF No. 1 at 2-7.  In particular, the EEOC alleged that Defendant subjected Brenda Sanchez Cossio to a hostile work environment based on her sex, retaliated against her for engaging in protected EEO activity, and caused her constructive discharge; and terminated Cossio's spouse, Herbie Eduardo Rodriguez, in retaliation for Cossio's protected EEO activity and refusal of her manager's harassing conduct.  *Id.* at 2.  Defendant filed an answer denying the allegations.  ECF No. 18.

On January 5, 2023, the Court granted Cossio leave to intervene as a plaintiff in this matter and to consolidate this case with the related action in *Cossio v. Monson Fruit Co., LLC*, No. 22-CV-3100.  ECF No. 15.  Plaintiff-Intervenor Cossio filed an Intervenor Complaint reraising her claims against Defendant from the related action—namely, claims for violations of Title VII; the Washington Law Against Discrimination, RCW ch. 49.60; and the Washington Healthy Starts Act, RCW § 43.10.005.  *See* ECF No. 4-1; Complaint at 2, *Cossio v. Monson Fruit Co., LLC*, No. 22-CV-3100 (E.D. Wash. filed Aug. 3, 2022), ECF No. 1.

ORDER - 2

On August 13, 2024, the EEOC and Defendant filed an initial proposed consent decree, ECF No. 51. In response to an informal inquiry from the Court, the EEOC and Defendant filed an amended proposed consent decree at ECF No. 52.

## LEGAL STANDARD

"[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). "Furthermore, consistent with this requirement, the consent decree must come within the general scope of the case made by the pleadings, . . . and must further the objectives of the law upon which the complaint was based[.]" *Id.* (citations, quotation marks, and alterations omitted).

"Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citations omitted). Moreover, where "a government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, more deference to the parties' agreement is due because the district court must refrain from second guessing the Executive Branch." *Turtle Island Restoration Network v. U.S. Dep't*

ORDER - 3

*of Com.*, 834 F. Supp. 2d 1004, 1009 (D. Haw. 2011) (quoting *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995)) (quotation marks omitted), *aff'd*, 672 F.3d 1160 (9th Cir. 2012).

**FINDINGS**

The Court has reviewed the stipulated motion, the proposed consent decree, and the record and is fully informed.  The Court finds that the proposed consent decree arises from and serves to resolve a dispute within its subject matter jurisdiction, namely, the EEOC's claims of unlawful employment practices under federal law.  *See Local No. 93*, 478 U.S. at 525; ECF No. 1 at 2-3.  The Court also finds that the proposed consent decree comes within the general scope of the case made by the pleadings and furthers the objectives of Title VII, upon which the claims in the EEOC's Complaint are based.  *See Local No. 93*, 478 U.S. at 525; ECF No. 1 at 4-7.

Further, the Court finds that the proposed consent decree is fair, reasonable, and equitable, and that there is no indication it violates the law or public policy.  *See Sierra Club*, 909 F.2d at 1355.  Plaintiff-Intervenor Cossio states that she does not object to entry of the proposed consent decree, which also serves to "fully settle[] and resolve[]" her claims against Defendant.[1]  ECF No. 54 at 2.  In

---

[1] Plaintiff-Intervenor has filed an Unopposed Motion to Dismiss Plaintiff-

ORDER - 4

addition, the Court notes that the EEOC, a government agency charged with protecting the public interest, has had primary responsibility for constructing the proposed consent decree. *See Turtle Island Restoration Network*, 834 F. Supp. 2d at 1009.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Motion for Stipulated Consent Decree, **ECF Nos. 51 and 52**, is **GRANTED**.

2. The District Court Executive **shall accept** the Proposed Consent Decree, **ECF No. 52 and attached to this Order, and enter it into the record**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to the parties.

DATED September 5, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

---

Intervenor's Claims with Prejudice, ECF No. 55, which the Court will address in a separate order.

ORDER - 5